Good morning, your honors. May it please the court, Amy Day on behalf of the appellant James Troy Phillips. I think that this case is really narrowed down to one single issue based on both our position and the government's position, and that is does light in a vehicle constitute the use of violence, threat of violence, or possession of a dangerous weapon under that second factor in the safety valve? Let me throw a second issue in perhaps. It's related to the first. Should we not just remand this case to basically ask the district court to show its work? Because we really don't know what happened here other than by implicit assumption. Absolutely, your honor, and I think that was one thing that I brought up in my reply was that this issue wasn't really decided at the district court. You know, there is, as you said, that kind of implicit finding that Mr. Phillips did not qualify for the safety valve. It could have been for this factor. It could have been for another factor. But the probation department didn't recommend safety valve. They did not. And you didn't object to the PSR? I did not object to the PSR. We brought up the safety valve argument in the sentencing memorandum. In that memorandum, did you acknowledge the factual basis, sworn admission that your client was going 135 miles an hour? Yes. In other words, did you say in spite of the fact that he was going 135 miles an hour and he hit somebody, we are still entitled to the exception. Did you in that motion, the sentencing motion, deal with these adverse facts that could qualify as violence or dangerous weapon? No, your honor, we did not. So it's just sort of lurking there because you don't deny the facts, the factual basis, you acknowledged it all? Absolutely. Okay, so then so why would we reverse a district court who had virtually identical facts to the Seventh Circuit's hardened decision where that court said, now you can't get it if you're going to fly from police and hit cars? I think based on my knowledge of the case, that's not going to be in the record because we did not have any kind of evidentiary hearing. All we have is the factual basis in the record. The facts are distinguishable from hardened. In hardened, the defendant was in a neighborhood. It was at 530. There were a lot of people around. In this case, the 135 miles an hour was on an interstate. Yeah, but he hit a car. And he did hit. And the cases do seem to emphasize, maybe even some of our cases, seem to emphasize, was there a collision? Was somebody actually injured? Because I think there was one of these high-speed chases where someone was actually injured in a different car, right? And they said, no safety valve. That's correct, your honor. And I believe that's Morris that the court is referring to where the defendant rammed a police vehicle or a federal vehicle. I'm sorry. How do you, if you were writing our decision, how would you distinguish hardened? What's the rule of law distinction? Because your client went twice as fast as that client did, and they both hit a car. And then the Seventh Circuit says a car is a dangerous weapon. And the Seventh Circuit said the safety valve doesn't require intent. It's just, is there a communicated threat, i.e. a flight? I think that the Seventh Circuit was incorrect. I think that in this case, specifically, the Seventh Circuit acknowledges and the Supreme Court has acknowledged these are very fact-intensive cases. And it depends on the specific facts. And in this case, I believe there are not sufficient facts in the record. Is there anything in the record to suggest that the district court would issue, have issued the same sentence regardless of whether the safety valve applied or not? No, there's nothing in the record. So if we remanded this and the district court says, okay, I'll apply the safety valve, the real range is 51 to 63, 60 months. I mean, I don't think you're coming back here, are you, at that point? At that point, no, we would not be coming back here. No. And I think we argued in brief that 60 months we believe is excessive. It is within the guideline. So if this was remanded and there a full hearing, the government presented their evidence. Is that what you're requesting? That we vacate the sentence, remand it for a full resentencing? Yes, that is what we are requesting. And in this case, the probation office didn't make a specific finding that there was this use of violence, this threat of violence, this possession of a dangerous weapon. But your client did get the obstruction, the 3C1.2? He did get the obstruction. Do you know of any case where a defendant gets that obstruction enhancement, but also could get safety valve exception? In other words, the two are awfully similar. Do you agree? Yes, I would agree. I do not know of any case in which that has happened where a defendant has gotten both of those. Has gotten the obstruction, violence, dangerous weapon, but somehow doesn't, I mean, still is eligible for safety valve? No, and we would not be here if the probation office or the district court had made a specific finding that the vehicle was a dangerous weapon, that there was violence. I think that once we get to that point... But isn't the factual basis an admission of that? I think the factual basis is an admission of the obstruction of justice rather than... There's no argument here that he did not flee, that he did not go on this high-speed chase. It's just a question of, does that constitute the use of violence, the threat of violence, or the possession of a dangerous weapon? But isn't that sort of, when others, I guess I'm wondering, why would we remand, have this defendant be brought from BOP back for a full sentencing, the whole apparatus start again, if it's essentially just a legal question? Do these elements trigger or not trigger safety valve? Why would we throw it all back to the district court in a resentencing? And I think that if this court finds that there are sufficient facts on the record to make that determination, then I think that that is something this court could do, make the determination, resolve the issue, and we would not go back to the district court. If this court finds, as I believe, that there are not sufficient facts in the record to support a finding that this flight use of vehicle was a dangerous weapon, then I think we do need to go back to the district court and have a hearing where there is more evidence presented. And we really, we didn't get into this at the district court level because the government didn't object. They didn't file any opposition, so we didn't know. Remind me, who's got the burden to show that the safety valve applies? And we have the burden. The defendant does. The defendant does, absolutely. And I mean, I know in the district court, as well as here, you go through and say, safety valve applies, here's one, two, three, four, five, period. But this second issue that now appears to be joined for the first time on appeal, there's nothing about this. There's no development before the district court. You're not flagging it for the district court as an issue? No, we did not, Your Honor. We did not anticipate that this would be an issue. It was our, would have been our position if it had been flagged at the district court. The same that it is here, is that we do not believe that this flight, that we believe that the flight was an obstruction of justice, rather than the use of a dangerous weapon. And if the court has no further questions, I will, I believe I have five minutes reserved for rebuttal. Excellent. Thank you. Thank you, Your Honor. Ms. McCoy. Good morning. May it please the court. My name is Robin McCoy, and I represent the United States of America. And today, the United States of America respectfully requests that this court affirm the 60-month sentence imposed by the district court below, because it was pursuant to a mandatory minimum, because Mr. Phillips did not prove he was eligible for the safety valve. Well, but the government really didn't push at all. There's almost a concession or a lack of opposition. It's not quite there. But the government really doesn't do anything about the safety valve in the district court. I would disagree that it's close to a concession. I'm not saying the government conceded anything, but there is nothing to go on that says, oh, no, no, safety valve wouldn't apply, and here's why. Particularly, second, this novel issue, this car is a dangerous weapon. This car, the way he drove the car is using violence. None of that's raised. That's correct, Your Honor. Almost an accession to it. Well, I would disagree, because I believe legally, it was the defendant's burden at all times to present this argument by a preponderance of the evidence. As the court knows, any party seeking an adjustment in their guideline range bears the burden of proof. But you know as well as I that if the government really says, no, the safety valve shouldn't apply here, they would push back. They would explain at least how the defendant did not meet the defendant's burden. And all we have here is 1, 2, 3, 4, 5 from the defendant, see all these things apply, and the government says nothing. Nothing of substance. Is that what happens in criminal cases generally, when the safety valve shouldn't apply? Well, I think the distinction is chronologically how this issue was raised. And I think that context is very important. Because as the record shows, the initial PSR was released on November 6 of 2024. That initial PSR, as the defendant concedes, did not include safety valve. That issue was on no one's radar at that time. Yeah, but it didn't say he's ineligible for it. It didn't address it. The government, therefore, didn't object and say, no, this guy's not eligible. Sort of, it's a blank slate. But then, I mean, you are probably here on a class 3 oral argument, because, and not you, I'm guessing it was someone that you say, you get a motion for a safety valve, and you just don't answer it? That's precarious for the government to do that, right? He files a motion saying, I'm eligible. Nothing so far had said he wasn't. And then the government simply doesn't answer it. Everyone walks into sentencing. Is that correct? Is that what happens? Sort of, sort of. But I would like to add these details. When the initial PSR comes out, and it doesn't have safety valve, as we all know, had Mr. Phillips been eligible for safety valve, that would have reduced his guideline calculations. Not guidelines. Safety valve has nothing to do with guidelines. It's an exception from the mandatory minimum. It is, but in the guideline portion of that, he could have gotten a two-level reduction in his offense level, pursuant to 2D1.1B18. So instead of a 23, he would have been a 21. He could have gotten 2D1, that's drug trafficker using dangerous weapon of violence? Well, it's the... You get a 2D1.1 if you are a drug trafficker that uses a weapon of violence, correct? You get the enhancement. He didn't get that. No, he would have gotten a reduction pursuant to 5C1.2. Okay, but you just said 2D1.1. 2D1.1, correct me if I'm wrong, and that does happen. 2D1.1 is drug offender gets an enhancement if dangerous weapon of violence, correct? 2D1.1. 2D1.1B18, the subsection of that, gives a two-level reduction. Yeah, but Emma, is there also an enhancement? There is an enhancement. Yeah, and he didn't get that. He did not get that. Do you know of any person that doesn't get that, but still is ineligible? Do you understand the friction I'm seeing? Yes, Your Honor, and there are a couple of answers I have to that question, and one is because obviously the pre-sentence reports are authored by probation officers, and they're not infallible. But you should object to it if you think there's a dangerous weapon or violence here, but you didn't. Well, that's correct. There was no objection, but again, I'm going to point back to... Yeah, I'm just, because of your time, I'm just saying, from my standpoint, the PSR doesn't deal with the safety valve at all. Then all that happens is a defendant says, hey, judge, I want the safety valve, and the government doesn't respond. That is correct. The government doesn't respond. Nearly three months passed between the PSR and the date of sentencing, and seven days before sentencing, Mr. Phillips says, I believe I'm entitled to it. But as the court has acknowledged today, he does not engage with any of the prongs of the safety valve provision. It's just a wholly concordant... But the government never made this argument before the district court. I mean, this goes back to my questions to counsel opposite. We don't know what the district court did or didn't do. I mean, the parties are engaged in the second prong, and it's an interesting issue, and it's a novel issue. But the truth is, the district court says nothing other than, well, I'm going to give 60 months. The range is 60 to 63 months. The district court clearly did not apply the safety valve, but we know nothing from the district court either. And the government didn't tee it up to really clarify the issue until your brief on appeal. That's correct. But again, Your Honor... But this is kind of a big issue. The second prong is an interesting issue in the Fifth Circuit, and the Harden case gives us a lot of guidance. But the district court knew that it was Mr. Phillips' burden, and the district court was entitled to deny safety valve relief and the defendant gives the court no information. Well, let's look at that. 3553F, correct me if I'm wrong, tells district courts, you can impose a sentence regardless of the mandatory minimum. Quote, if the court finds it sentencing, the defendant didn't use violence or dangerous weapon. Is there any finding at all by the district court as to violence, dangerous weapon, or nexus? Is there any finding that we can see? There is no finding on those facts. We know, looking at the record, that the court implicitly ruled that he was not eligible for safety valve. So that's sort of the case before us, right? Do we affirm implicit sentencing valve denials? That's sort of the question. It isn't really answered because in Harden, it was properly presented. So the question is here, how much work are we going to do for a district judge? Well, I have a couple answers to that as well. First, as this court knows, any time that there's an alleged procedural error, say under Rule 32, this court does not require a district court to have a, I think the quote is a catechismic regurgitation of the facts and its determinations. An implicit ruling is an adoption of the PSR itself. So explicit rulings are not required. Well, but the PSR made no findings on this. I'm sorry? But the PSR made no findings on this. So you're not arguing harmlessness? No, Your Honor. I think that at the end of the day, going to your point earlier, there's no point in remand if the conviction in the sentence can be affirmed on any basis in the record. And it can on this issue that has now been teed up for appeal. It could also be decided based on a failure to carry the burden of proof before the district court. But do you agree with counsel opposite? This is a fact-intensive endeavor to determine whether the legal questions about the safety valve apply to the facts of this case? At the outset, Your Honor, I would say that safety valve eligibility is a fact determination. And that's designed to look at the facts of an individual case and a defendant's specific conduct in that case. Which makes sense because I think that the language Judge Higginson just read said the district court's got to make a finding that it would apply. There isn't that here at all. There is no finding, Your Honor. But we have the facts. We don't even know. I mean, as far as harmlessness goes, we don't even know that the district court would impose the same sentence whether the safety valve applied or not. I mean, if we remanded the case and the district court made that conclusion and said 60 months, I mean, we don't even need to get to the issue that's presented and answered in the Seventh Circuit in Harding. That's correct, Your Honor. If this panel were interested, it could issue a limited remand and maintain jurisdiction for the purposes of allowing the district court to provide a statement of reasons that details the basis for its denial of the safety valve. Okay, I'm sort of intrigued by that because we do do limited remands in criminal cases, but I've never found one where we do it relating to a sentencing error. So can you think of a case where we say, we can't review a Rule 32 sentence, so we're going to remand. You can just nunc pro tonc tell us what you were thinking. You don't need to bring the defendant back. There doesn't need to be defense counsel. There's no adversary, anything. The district judge just gets a second chance to elaborate. Can you think of any case where we sort of strip off the Rule 32 procedural opportunities the defendant gets? Or would we have to vacate the sentence and have a resentencing? Your Honor, I do not have a case on hand to point the court to for that. I mean, Rule 32 does require the presence of a defendant for an oral sentence. So I guess when you just said we could remand limited and ask the judge what he was thinking, I'm not aware of any authority that allows us to do that. Well, in that case, Your Honor, then... Well, no, but you recommended it, so I may be wrong. Well, and I may be wrong. I believe that we could have, that you could have issued a limited remand for that purpose to allow the court to explain the basis. But couldn't we do that every time we're about to reverse a sentence and say, well, you know, maybe if the district court could elaborate and fill it out and get it right. That would be a big move procedurally. Well, Your Honor, in this case, I don't even think that's necessary because you can affirm on any basis supported by the record and we have the facts in the record already. Those facts are not disputed. So then at that point, it's a legal question, not a factual question. I agree. I'm sorry? Yeah, no, I see that argument. Opposing counsel said that too. The facts are in the factual basis sworn to. Those aren't going to change. No one's denying the obstruction facts he got in the PSR. No one objected to the PSR. So we know all the facts. So your point is, does that qualify or doesn't that? And I think that's a legal question. And you think Harden answered that? I think, well, you have two prongs under the safety valve. Sorry, it's disjunctive under prong two of the safety valve. Harden answered the violence question. And the Morris case in the Fifth Circuit addresses the dangerous weapon. I thought Harden also says, maybe indicted, that a car can be a dangerous weapon. It absolutely does. Yes, in the Harden case, and I believe this goes in the government's favor either way, but in the Harden case, they were more focused on what is violence and coming up with a common sense definition of violence in the context of the safety valve and a high-speed car chase. But yes, they said a car used in a high-speed chase is inherently a dangerous weapon. So under the safety valve, you can have either violence, which the government submits to back support here, or you can have a dangerous weapon. I'm curious, you've probably studied this to prepare for argument more. Let's say a drug offender commits his offense, but it's not until the next day that the police go to his house to get him. And then he flees. Would that still meet the nexus requirement? Is it still violence, dangerous weapon, in connection with the offense? Or does it have to be from the occurring drug offense? I would say we take a holistic view of the offense in question. It's the commission of the offense. I don't think it has to be. So it could be two weeks later? If you engage in a high-speed chase to get away from police who are attempting to apprehend you for drug trafficking that you have committed, and they're trying to arrest you. I'm saying the drug trafficking is over. The guy's a fugitive. They finally find him. It may be a little esoteric. Is it undeniable the facts here were he's getting caught trafficking, and then he flies? Absolutely. He was caught on a wire. They knew he was going to make a drug deal. At that time, the police tried to make a traffic stop. And at that point, Mr. Phillips took off. The facts show, and they're undisputed, 135 miles an hour, engaging the police in a high-speed chase, and he hits another car, which is the application of force to the person of another. And then he gets away? And he gets away. He does. And later, he admits, and that's in the factual basis as well, that he had 10 pounds of marijuana in the car at the time, which is why he was fleeing. But your honors, that is violence. Fleeing from police at a high-speed chase, particularly 135 miles an hour, is inherently violent. And he did so by using his car, which was then rendered a dangerous weapon. So the case is on all fours with the Harden case. And the Harden case says you have to look at a common-sense definition of what violence is. And under any set of circumstances, these facts would establish that this was a violent act, and it rendered his car into a dangerous weapon. So under either of those disjunctive provisions, violence, credible threats of violence, or the use of a weapon, Mr. Phillips was disqualified from safety valve eligibility. And that's a basis that is very disarmable from the record and gives this court the authority to affirm the sentence below. Because at the end of the day, the 60-month mandatory minimum was the lowest that the court could go. And because that basis is apparent from the record, your honors, the United States would submit that there is no need to remand on this matter. Thank you, counsel. If the court has no further questions, thank you. Ms. Day? Very briefly, just to address some of the points that have been made by the government. To address kind of the timeline of how things progressed and maybe why this wasn't addressed in the PSR, the government was aware earlier than that sentencing memorandum that Mr. Phillips intended to pursue the safety valve. He met with agents. And I do not recall exactly when that was in that three-month period. It was about a month before sentencing where he met with government agents to make his proffer so that he could pursue the safety valve, so that he would meet that final criteria of, did he give the government all information? That's in the record. Yes, that is in the record. And we attach, I believe, to the sentencing memorandum that that proper information.  I think that this court is asking the question, do we affirm the implicit denial of the safety valve? I think that this is distinguishable from Harden because in Harden we had a lot more facts. In this case, no, Mr. Phillips does not dispute that he went on this high-speed car chase. I think that there's a lot of kind of nuance and circumstances that aren't in that factual basis. As this court knows, the factual basis is just kind of an overview of the facts to support that guilty plea. It is not each and every single fact that may be in that way. If you were back at resentencing, what would you say to Judge Hicks? You'd say, given all the facts, we don't contest. That we do not contest. What is it? This isn't a threat of violence, or this isn't a dangerous weapon, or both? Or both is, I believe, what we would argue before Judge Hicks, is that this does not constitute a threat of violence. This does not constitute the use of a dangerous weapon. I think in this case... So fleeing in a car never could? I think it could. I think based on these facts, it would not. In Morris, the use of a dangerous weapon in flight, I think, was the correct finding there. Mr. Morris rammed an agent's vehicle. He had that intent to inflict harm. In this case, Mr. Phillips was involved. I mean, he hit another car. It was a traffic accident. There was no intent on his part. But in Hardin, they do say there's no scienter requirement here. Hardin specifically says intent is not part of this. And Hardin does say that. So we'd have to just... Again, as before, you'd say you want us to split with Rob Hardin. Yes. I would request that this court split with Hardin. And I do want to note in Brousseau, which is cited... It's a Supreme Court case that was cited in Hardin. The court recognized that depending on the facts, a person fleeing in a vehicle at high speeds may pose an imminent threat of serious physical harm to other persons, including other motorists, the officers themselves. And so the court is recognizing, and the Seventh Circuit is recognizing, that these are kind of factual findings. And in this case, we just don't have the factual findings from the district court. Wonderful. I see you're court-appointed. Thank you very much for your work. Thank you, Your Honor. Thank you both. We'll call the second and last day for the day case. And that is...